Sheila **MORRISSEY**, Plaintiff,

v.

**SYMBOL TECHNOLOGIES, INC.,** Defendant.

No. CV–93–4852 (ADS).

United States District Court, E.D. New York.

Jan. 11, 1996.

Law Offices of Barry Lasky, Garden City, NY, for plaintiff.

Winston & Strawn by Gary Glaser, Epstein Becker & Green by Thomas R. Kelly, New York City, for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

The defendant, Symbol Technologies, Inc. ("Symbol" or the "Company"), moves pursuant to Fed.R.Civ.P. 56 for summary judgment in its favor in this pregnancy discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and the New York State Human Rights Law § 290 et seq. Symbol contends that the plaintiff, Sheila Morrissey ("Morrissey") has failed to articulate any facts supporting her claim, and therefore the defendant is entitled to judgment as a matter of law.

## BACKGROUND

The plaintiff is a former employee of Symbol who filed sex discrimination and pregnancy discrimination charges against the Company pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Morrissey claims that she was terminated from employment due to her pregnancy and resulting maternity leave.

Morrissey worked for Symbol as a Senior Market Research Analyst since September 1989. Symbol offers a Medical Leave of Absence Policy which permits an employee to request up to three months of medical leave for certain medical conditions including pregnancy. According to this policy an employee on maternity leave is guaranteed reinstate-

ment if she returns within three months. A significant provision in this medical leave policy is as follows:

> When as an associate goes on a disability leave for greater than three months the company reserves the right, based upon business conditions, to replace the individual on either a regular or a temporary basis. If an associate requests to return after being out for greater than three months Symbol will not be able to guarantee employment.

In August 1991, Morrissey informed her supervisor that she was pregnant and requested a combined personal and maternity leave. According to the defendant, this leave began on January 27, 1992. According to the plaintiff, as of January 27, she was out at her "Manager's discretion" and her maternity leave began on February 19, 1992, the day her son was born. In any event, Symbol concedes in its supporting memorandum of law that Morrissey was granted medical leave until May 19, 1992. The plaintiff was partially paid during this medical leave.

However, on April 9, 1992, Morrissey sent Symbol a letter requesting an extension of her leave beyond the May 19, 1992 date. This request was accompanied by a doctor's note indicating that Morrissey would be unable to return to work until July 1, 1992 as the result of back problems she was having following her pregnancy. In response to this letter Morrissey was sent an application for long term disability. According to the defendant, she completed this form, "indicating that she was totally disabled and unable to return to work." Def. Mem. of Law at 6.

According to Morrissey, at a May 1, 1992 meeting, Symbol informed her that she could not return to work because her maternity leave of absence was "not authorized" by Symbol's director of personnel. Then on May 5, 1992, Symbol advised her that she was being terminated because "of her inability to return to work" as demonstrated by her April 9, 1992 letter requesting an extension of her leave. The defendant asserts that Morrissey was terminated as the result of a reduction in force in which her job was eliminated and her duties were reallocated.

Morrissey contends that she then attempted to apply for another position at Symbol at the same skill level for which she was qualified, but Symbol refused to accept the application. The defendant responds that applications for this position were never solicited because the position was never filled as the result of a nationwide downsizing. The plaintiff also claims that she applied for a "Sales Support" position, but that Symbol never acted on her application. The defendant contends that it has no record of this application. These are apparently disputed issues of fact. However, based on the reasons set forth below, they are not material triable issues sufficient to preclude summary judgment.

Morrissey then filed a Notice of Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 12, 1992, alleging sex and pregnancy discrimination arising from her wrongful termination because of her pregnancy. The EEOC subsequently issued a right to sue letter to Morrissey.

Morrissey timely filed the above captioned complaint along with applications to proceed *in forma pauperis* and for the appointment of counsel on October 26, 1993. Those applications were respectively granted on October 26, 1993 and November 22, 1993.

Symbol now moves this Court for an order granting the defendant summary judgment, arguing that the plaintiff has failed to set forth any facts supporting her discrimination claim and that Symbol is entitled to judgment as a matter of law.

## DISCUSSION

### 1. *The summary judgment standard*

A court may grant summary judgment "only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact," *Terminate Control Corporation v. Horowitz*, 28 F.3d 1335, 1352 (2d Cir.1994) (quoting *Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir.1990)), and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also*

Fed.R.Civ.P. 56(c). The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Institute for Shipboard Education v. Cigna Worldwide Insurance Co.*, 22 F.3d 414, 418 (2d Cir.1994) *Twin Laboratories, Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir.1990).

■■■ Once a party moves for summary judgment, in order to avoid the granting of the motion, the non-movant must come forward with specific facts showing that a genuine issue for trial exists. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56(e)); *National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 203 (2d Cir.1989). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510; *Converse v. General Motors Corp.*, 893 F.2d 513, 514 [2d Cir.1990] ). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *Lane v. New York State Electric & Gas Corp.*, 18 F.3d 172, 176 (2d Cir.1994); *Rattner v. Netburn*, 930 F.2d 204 (2d Cir.1991).

■■■ However, mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *Western World*, 922 F.2d at 121. Although the non-moving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment, Fed. R.Civ.P. 56(c) and (e) provide that the non-moving party cannot rest on the pleadings but must set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions on file showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *United States v. Rem*, 38 F.3d 634 (2d Cir.1994).

### 2. *Summary judgment with regard to discrimination cases*

In the Second Circuit, summary judgment has been found to be inappropriate in numerous discrimination cases, *compare Cronin v.* *Aetna Life Ins. Co.*, 46 F.3d 196 (2d Cir.1995) (finding material issues of fact precluded summary judgment); *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29 (2d Cir.1994) (same); *Gallo v. Prudential Residential Servs. Ltd. Partnership*, 22 F.3d 1219 (2d Cir.1994) (same), *with Woroski v. Nashua Corp.*, 31 F.3d 105, 109 (2d Cir.1994) (finding summary judgment appropriate); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir.1994) (same); *Cianfrano v. Babbitt*, 851 F.Supp. 41 (N.D.N.Y.1994) (same); *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985) (plaintiff must do more than proffer the bare allegation that intent or state of mind are implicated).

The Second Circuit has also held and pointed out that summary judgment may be appropriate in discrimination cases where genuine issues of material fact are absent, even though a precaution must be exercised where intent is genuinely at issue. *See TRM Copy Centers*, 43 F.3d at 40; *Gallo*, 22 F.3d at 1224.

### 3. *Morrissey's discrimination claims*

■■■ The Second Circuit recently reiterated the standards applicable in pregnancy discrimination—reduction in force cases in *Quaratino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir.1995). In a pregnancy discrimination case, brought pursuant to 42 U.S.C. § 2000e(k), the plaintiff has the initial burden of establishing a *prima facie* case by a preponderance of the evidence. *Id.* at 63. To prove a *prima facie* case, the plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she satisfactorily performed her job duties; (3) she was discharged; (4) in circumstances giving rise to an inference of discrimination. *Id.* The burden of production then shifts to the employer to articulate a "legitimate, clear, specific and non-discriminatory reason for discharging the employee." *Id.* If the employer satisfies this burden, the plaintiff must prove that the reason proffered was pretextual *and* that intentional discrimination was the real reason for the adverse employment decision. *Id.*, citing, *St. Mary's Honor Ctr. v. Hicks*, 509

U.S. 502, ——, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993).

■ Applying these standards, the only real issues presented in this case are whether Morrissey's discharge occurred under circumstances giving rise to an inference of discrimination, and, if so, whether the plaintiff offered any evidence that the reasons advanced by the defendants for her termination were pretextual. There is no question that the plaintiff was a member of a protected class and that she was discharged. Moreover, the parties have not contested whether Morrissey was qualified for her job. Rather, the parties focus on the fourth element of the *prima facie* case. In support of its motion, Symbol contends that as a business, it treats new mothers extremely well, providing a generous partially paid leave policy and day care services, and that Morrissey was permitted to take advantage of all of these benefits.

In response to these clearly fair and beneficial maternity and medical leave policies, the plaintiff makes several arguments. The first contention is that the plaintiff has established a claim for employment discrimination because while she was on a leave of absence, Symbol eliminated her job, thereby abridging its own policy guaranteeing its employees reinstatement after a leave of absence. The Court disagrees.

In *Lambert v. Genesee Hosp.*, 10 F.3d 46 (2d Cir.1993), the Second Circuit affirmed a district court's decision granting summary judgment to an employer where the plaintiff was not rehired to her old position after her maternity leave. The court held that a claim for pregnancy discrimination under these circumstances will fail unless the plaintiff shows that the underlying policy was discriminatory in design or in application. *Id.* at 58.

Applying this standard, Morrissey has not established a claim for employment discrimination nor has she raised any material triable issue of fact that would preclude summary judgment. The plaintiff took a maternity leave under her employer's three month leave of absence policy, which this Court finds to be reasonable as a matter of law. In fact, a three month leave of absence period is now prescribed under the Family and Medical Leave Act. *See* 29 U.S.C. § 2612. The plaintiff was absent from her position on this pregnancy related leave from January 27, 1992, and was due back on the job by May 19, 1992, at the latest. The Court notes that the plaintiff would have been absent from her work for a period of approximately 110 days if she returned on time, as required, on May 19, 1992. However, during her absence she informed her employer that she would require her leave to be extended until July 1, 1992 and provided a doctor's recommendation to this effect. This extension of leave placed her well beyond the time period of the Company's medical leave policy which guarantees an employee's reinstatement. Thus, the plaintiff stated she would not return for an additional period of 41 days in excess of the prescribed period. After the Company was notified that the plaintiff would not return within the prescribed time, her position was eliminated as the result of a reduction in force.

Morrissey contends however, that because Symbol did not give her the opportunity to change her mind and return to work on time, despite her prior representation that she would be unable to do so, there was unlawful discrimination against her. Such an argument has no foundation in law, nor does it indicate any discriminatory intent.

Whether or not the plaintiff intended to return before July, or might have considered coming back earlier if she knew her job might be eliminated is of no moment. Symbol had every right to rely on her representation that she would not return on time when she made the request for the extension of leave. A contrary conclusion would result in placing the burden on an employer to anticipate the validity of each employee's request for an extended medical leave, before the employer could rely on such a statement, in order to avoid a discrimination suit. This is a burden that the law does not require and this Court is unwilling to impose. Accordingly, Morrissey's first argument fails to meet even the "de minimis" standard recognized by the Second Circuit in *Quaratino* in order to establish a pregnancy discrimination claim.

Morrissey's second argument allegedly supporting her discrimination claim is that she had an adversarial relationship with one of her superiors. However, Title VII protects employees from adverse employment decisions based upon their membership in a protected class and a discriminatory motivation, not their ability to coexist with their fellow employees. *See Christoforou v. Ryder Truck Rental, Inc.*, 668 F.Supp. 294, 303 (S.D.N.Y.1987); *Passonno v. State Univ. of New York*, 889 F.Supp. 602 (N.D.N.Y.1995). Accordingly, Morrissey's second contention in support of her employment discrimination claim is also without merit.

The third argument apparently advanced by the plaintiff is that the burden is on the Court "to ferret out discrimination and award the victim." Nothing need be said on this point except to reiterate the basic principle that the Court's role is to impartially adjudicate the issues brought before it.

Finally, the plaintiff contends that after her job was eliminated she attempted to apply for another position known as a "competitive analyst" which had responsibilities similar to those of her former position. She states that Symbol refused to accept her application claiming that she was unable to work. In addition, Morrissey claims she applied for a "Sales Support" position. The defendant responds that the company has no record of the plaintiff making such an application. However, as the defendant correctly recognizes, these applications were made at a time when Morrissey was still on her medical leave which she tried to extend beyond the three month period during which employees are guaranteed reinstatement. As stated above in *Lambert*, the Second Circuit held that there is no claim for pregnancy discrimination under these circumstances unless the plaintiff can establish that the underlying policy was discriminatory.

*Conclusion*

In this case, giving every reasonable inference to the plaintiff, as to the fourth element of the *prima facie* case, there is no evidence that the circumstances leading to the plaintiff's termination give rise to an inference of discrimination. On the contrary, the plaintiff declined to return to work within the pre-scribed three month period. In her case she declined to return to work until July 1, 1992, the date she represented she would be physically able to return in her April 9, 1992 request for an extension of her leave. Her request for additional time was denied and her job was eliminated in a downsizing. This factual situation comes squarely within the warning contained in the written medical leave policy which provides that "when an associate goes on a disability leave for greater than three months the company reserves the right, based upon business conditions to replace the individual."

Further, there is no material issue of fact with regard to the non-discriminatory reasons advanced by the defendants, namely the plaintiff's stated decision not to return within the three month period and the downsizing resulting in her termination. There has been presented no direct evidence of pregnancy discrimination. There has been shown to be no circumstantial evidence such as discriminatory treatment to other pregnant women. There was no proof that the downsizing was motivated by a discriminatory purpose. In sum, the sole proof in this case is that the plaintiff stated that she would not timely return from an extended medical leave, and her job was eliminated in a downsizing.

In *Woroski*, the Second Circuit approved summary judgment in favor of an employer in an age discrimination case where the plaintiff did adduce some direct evidence of age bias:

We recognized that plaintiffs did advance some evidence of age bias in the testimony about Geiger's statements. But some evidence is not sufficient to withstand a motion for summary judgment; a plaintiff opposing such a motion must produce sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not the employee's age was the real reason for the discharge. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, ——, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993); *Gallo v. Prudential*

*Residential Servs., Ltd Partnership,* 22 F.3d 1219, 1225 (2d Cir.1994).

\*   \*   \*   \*   \*   \*

Viewing all of the evidence in the light most favorable to the plaintiffs, we are convinced that no rational jury could find that Nashua's decisions to terminate the plaintiffs were motivated by age bias. (citations omitted).

*Woroski,* 31 F.3d at 109–10.

In this case, the circumstances involving the plaintiff's discharge do not give rise to an inference of pregnancy discrimination as a matter of law. Also, as in *Woroski,* no rational jury could find that the decision by the defendant to terminate the plaintiff was motivated by pregnancy discrimination.

Accordingly, after reviewing the papers submitted by both parties, hearing oral argument, and for the reasons set forth in the record, it is hereby

**ORDERED** that the defendant's motion for summary judgment pursuant to Fed. R.Civ.P. 56 is granted and the Complaint is dismissed; and it is further

**ORDERED** that the Clerk of the Court enter judgment in favor of the defendant and close this case.

**SO ORDERED.**