**Lisa DUMOULIN, Plaintiff,**

v.

**Daniel FORMICA and McDonald's of Ravena/Delmar, Inc., Defendants.**

No. 95–CV–1861(FJS).

United States District Court, N.D. New York.

June 13, 1997.

Nelson M. Stern, New York City, for Plaintiff.

Bond, Schoeneck & King, L.L.P., Albany, NY (Nicholas J. D'Ambrosio, of counsel), for Defendants.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Plaintiff, a former management employee at the Defendant McDonald's, which is owned by Defendant Formica, was terminated from employment one day before her scheduled pregnancy leave. Plaintiff brings this action claiming breach of contract, breach of implied contract, breach of implied covenant of good faith and fair dealing, violation of Article 296 of the New York Executive Law ("The Human Rights Law"), violation of her rights under the Family Medical Leave Act, and defamation.[1] On May 2, 1997 this Court heard oral argument on cross motions for summary judgment. The Court denied Plaintiff's cross motion for summary judgment, and granted Defendants' motion for summary judgment with respect to the contract causes of action for the reasons stated in the record on that date. The Court reserved decision with respect to Defendants' motion for summary judgment on Plaintiff's

claims under the Human Rights Law and the Family Medical Leave Act.

### Background

Defendant Daniel Formica is the independent owner of the McDonald's Ravena Franchise. Plaintiff was hired by Formica in September of 1992, as a management trainee in the hourly wage position of Swing Manager. She was subsequently promoted to the salaried position of Assistant Manager. Plaintiff's job responsibilities included "managing the floor" during her shifts.

Plaintiff alleges that she was discriminatorily terminated from employment on May 6, 1995 due to her pregnancy. Defendants claim that Plaintiff's termination was due to her unsatisfactory job performance. Defendants maintain that Plaintiff had continuing difficulty in coping with the stress caused during busy mealtimes, which caused her to have several outbursts while working, and made it difficult and unproductive for crew members to work with her. These deficiencies were discussed in many of the weekly management team meetings during the course of her employment, and are documented in her personnel records. Because of these deficiencies, in December 1994, Plaintiff was placed on a one month probationary period. Thereafter, from January to May of 1995 until she was terminated, there is no written documentation of any problems with Plaintiff's performance.

### Discussion

1. Human Rights Law Claim

■ The United States Supreme Court has held that the elements of a successful employment discrimination claim are virtually identical under Title VII and the New York Human Rights Law. *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 479, 102 S.Ct. 1883, 1896, 72 L.Ed.2d 262 (1982). Both are examined under the *McDonnell Douglas* burdening-shifting analysis. *See Kump v. Xyvision*, 733 F.Supp. 554 (E.D.N.Y.1990). Thus,

---

1. Plaintiff commenced this action on November 15, 1995. Thereafter, plaintiff moved to mend the complaint by adding an eighth cause of action for prima facie tort and a ninth cause of action for wrongful discharge. Magistrate Smith denied the motion, stating that the added causes

of action would be subject to dismissal for failure to state a claim.

On January 7, 1996, the Parties stipulated to the dismissal of the defamation claims, the sixth and seventh cause of action.

to establish a prima facie case of discrimination on the basis of sex or pregnancy, a plaintiff must demonstrate, by a preponderance of the evidence, that:(1) she is a member of a protected class; (2) she satisfactorily performed her job duties; (3) she was discharged; (4) in circumstances giving rise to an inference of discrimination. *Morrissey v. Symbol Technologies, Inc.*, 910 F.Supp. 117, 120 (E.D.N.Y.1996); *Quaratino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir.1995). If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employment action at issue. Should the defendant carry this burden, the plaintiff has the ultimate burden to prove that the employer's reason was merely a pretext for discrimination. *Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 129 (1996).

■ It is undisputed that Plaintiff is a member of a protected class and was discharged. However, the issue of whether Plaintiff satisfactorily performed her job is disputed. Defendants have produced documented evidence of ongoing dissatisfaction with Plaintiff's performance up until December of 1994. However, following a one-month period of probation, there is no documented evidence of performance problems in the four months immediately prior to Plaintiff's May 6, 1995 termination. Furthermore, the timing of Plaintiff's termination (one day before her pregnancy leave) and the lack of evidence of a precipitating event which caused her to be terminated gives rise to at least an inference of discrimination. At the prima facie stage the Plaintiff's burden is de minimis. *Quaratino*, 71 F.3d at 60; *Jackson v. Lyons Falls Pulp & Paper*, 865 F.Supp. 87, 95 (N.D.N.Y.1994). Therefore, the Court finds that for purposes of establishing a prima facie case, Plaintiff has satisfactorily met her burden.

■ Plaintiff having established a prima facie case, Defendants have come forth with legitimate nondiscriminatory reasons for Plaintiff's termination; i.e., documented evidence of Defendant's dissatisfaction with Plaintiff's job performance. The burden therefore shifts to Plaintiff to show pretext under the three step *McDonnell Douglas* analysis.

In order to survive a motion for summary judgment, at the third step plaintiff must put forth adequate evidence to support a rational finding that the legitimate nondiscriminatory reasons proffered by the employer were false and that more likely than not the reasons proffered by the employer were false and that more likely than not the employee's sex or race [or pregnancy] was the real reason for the discharge.

*Holt* at 129, citing *Viola v. Philips Medical Systems of North America*, 42 F.3d 712, 717 (2d Cir.1994).

■ As stated, the record reveals that (1) the Plaintiff was terminated one day prior to her scheduled pregnancy leave, (2) defendants have not produced a specific explanation or incident precipitating her termination on that date, and (3) there is an absence of negative reports concerning her performance during the fourth months prior to her termination. The Court finds that this evidence is sufficient to raise a material issue of fact whether Plaintiff's pregnancy was a substantial motivating factor in Defendant's decision to terminate her. *See Burger v. New York Institute of Technology*, 94 F.3d 830, 834 (2d Cir.1996) (summary judgment improper where Plaintiff offered "sufficient evidence to allow—although not compel—a trier of fact to draw inference" that prohibited motive was a substantial factor in the adverse employment decision); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 104 (2d Cir.1989) (summary judgment precluded where issue of fact raised as to pretext, and "... plaintiff was not required to show that age was the only factor ... nor was she required to show that [defendants'] proffered reason was false, but only that its stated reason was not the only reason and that her age did make a difference"); *Levin v. Analysis & Technology, Inc.*, 960 F.2d 314 (2d Cir.1992) (summary judgment improper where issue of fact raised regarding pretext); *Chertkova v. Connecticut General Life Insurance*, 92 F.3d 81 (2d Cir. 1996) (summary judgment improper where issue of fact raised as to pretext).

## 2. Family Medical Leave Act Claim

 The Family Medical Leave Act entitles an eligible employee to take up to twelve weeks of unpaid leave in a twelve month period because of the birth of a child. Following a qualified leave, an employee is entitled to reinstatement of his or her former position, or to an equivalent position with the same pay, benefits and employments terms. 29 U.S.C. 2614(a). The statute makes it an unlawful practice for an employer to "interfere with, restrain, or deny the exercise of ... any right" by the employee under that Act. 29 U.S.C. 2615(a)(1). In addition, the employer cannot discharge or discriminate against an employee who opposes any unlawful acts under the FMLA. 29 U.S.C. 2615(a)(2). Plaintiff asserts that Defendants discriminated against Plaintiff for attempting to exercise her right to pregnancy leave benefits under the FMLA by terminating her employment one day before she was to begin her pregnancy leave. Alternatively, Plaintiff's claim is that she exercised her right to a pregnancy leave under the FMLA, and then was terminated, in violation of her right to reinstatement following leave.

Courts have used the Title VII analysis in determining summary judgment motions in cases brought under the FMLA, and have applied the *McDonnell Douglas* burden shifting approach to such claims. *Oswalt v. Sara Lee Corp.*, 889 F.Supp. 253, 259 (N.D.Miss. 1995), aff'd, 74 F.3d 91 (1996); *Garcia v. Fulbright & Jaworski*, 1996 WL 544371, 1996 LEXIS 17084 (S.D. Texas 1996); *McCown v. UOP Inc.*, 1995 WL 519818, 1995 U.S. Dist. LEXIS 12655 (N.D.Ill.1995); *Day v. Excel Corp.*, 1996 WL 294341, 1996 U.S. Dist. LEXIS 8269 (D. Kansas 1996).

The Court has performed this analysis with respect to Plaintiff's claim under the Human Rights Law, and found that a material issue of fact has been raised with respect to whether the non-discriminatory reasons for termination proffered by the Defendants were false, and that the employee's pregnancy, or her attempt to assert her rights under the FMLA, were the real reasons for the discharge. Accordingly, Defendants' motion for summary judgment on the FMLA claim must be denied.

## Conclusion

Therefore, after carefully considering the record, the papers submitted by counsel, counsel's arguments, and the relevant law, it is hereby

**ORDERED** that Defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part. Summary judgment is **GRANTED** with respect to Plaintiff's claims for breach of contract, breach of implied contract, and breach of implied covenant of good faith and fair dealing, and those claims are **DISMISSED**. Summary judgment is **DENIED** with respect to Plaintiff's claims under the Human Rights Law and the Family Medical Leave Act. It is further

**ORDERED** that Plaintiff's cross motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**