# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2490

_____

| | |
|---|---|
| Jayson Sepe, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| McDonnell Douglas Corporation, | * |
| | * |
| Appellee. | * |

_____

Submitted: January 15, 1999

Filed: June 7, 1999

_____

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and TUNHEIM,[2] District Judge.

_____

_____

[1]Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota, sitting by designation.

WOLLMAN, Chief Judge.

Jayson Sepe appeals the district court's[3] adverse grant of summary judgment on his claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654, against his former employer, McDonnell Douglas Corporation. We affirm.

**I.**

Sepe was hired by McDonnell Douglas in 1984 as a sheet metal riveter and was later promoted to the position of builder. Both positions were union positions, and Sepe was a member of the International Association of Machinists and Aerospace Workers, District Lodge 837. Sepe was continuously employed by McDonnell Douglas until his termination in August, 1995, except for a one year period in 1991, when he was temporarily laid off as a result of a reduction in force.

During his lay-off in 1991, Sepe and his wife started an excavating business called J&K Excavating and Bobcat Services (J&K). Sepe's wife was the president of the business and handled the day-to-day affairs. Sepe assisted her when he was not working at McDonnell Douglas.

McDonnell Douglas did not prohibit its employees from working a second job, and Sepe's supervisors knew of his work at J&K. McDonnell Douglas did , however, prohibit its employees from working on another job while on leave from the company. McDonnell Douglas's general operating procedures state:

> Employees accepting other employment or engaging in self-employment
> while on authorized leave of absence will be terminated by the Company

---

[3]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

unless written authorization has been granted by the Manager-Employee Records prior to commencement of the [leave of absence].

Appellee's Appx. at 21. In addition, the collective bargaining agreement (CBA), which applies to all union employees, prohibited Sepe from engaging in other employment while on leave from McDonnell Douglas. Specifically, Article VII, Section 7 of the CBA provides:

An employee accepting other employment or engaged in business for himself while on leave of absence shall be discharged by the Company unless the Union and the Company have jointly, prior to the commencement of such leave of absence, agreed in writing that it could be done.

Appellee's Appx. at 17-18.

In May 1995, Sepe requested and was granted a twelve-week leave of absence from McDonnell Douglas in connection with the birth of his daughter. Sepe had taken medical leave from June 14, 1994, to December 19, 1994, and from March 13, 1995, to March 27, 1995. As a result, Sepe had worked only 822 hours during the previous twelve months.

McDonnell Douglas officials received notice in May 1995 that Sepe was working at J&K while on leave. A McDonnell Douglas investigation team subsequently videotaped Sepe working at J&K during his normally scheduled hours at McDonnell Douglas. When Sepe returned to work in August 1995, he was terminated for violating the terms and conditions of the CBA.

Sepe filed this action against McDonnell Douglas, alleging a violation of his rights under the FMLA. The district court found that Sepe was not an "eligible" employee for purposes of the FMLA because he had not worked the minimum number

of hours required by the statute. The district court also found that Sepe was fired for violating the terms of the CBA and not in retaliation for exercising his rights under the FMLA.

## II.

We will affirm a grant of summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, establishes that no genuine question of material fact exists and that the moving party is entitled to judgment as a matter of law. See Montandon v. Farmland Indus., Inc., 116 F.3d 355, 357 (8th Cir. 1997); Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir.1994); see also Fed. R. Civ. P. 56.

The FMLA grants eligible employees up to twelve weeks of leave during any twelve-month period for enumerated circumstances, including "the birth of a son or daughter of the employee." 29 U.S.C. § 2612(a)(1)(A). See Moore v. Payless Shoe Source, Inc., 139 F.3d 1210, 1213 (8th Cir. 1998) (discussing the FMLA). An eligible employee is one who has been employed "for at least 12 months by the employer" and provided "at least 1250 hours of service during the previous 12-month period." 29 U.S.C. § 2611(2)(A)(i)-(ii). Because Sepe worked only 822 hours during the year preceding his request for leave, he does not qualify as an "eligible employee" and therefore is not entitled to FMLA protection.

Despite Sepe's ineligibility under the statute, he argues that McDonnell Douglas is estopped from challenging his eligibility by operation of 29 C.F.R. § 825.110(d), which states:

> If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met. If the employer

-4-

confirms eligibility at the time the notice for leave is received, the employer may not subsequently challenge the employee's eligibility.

29 C.F.R. § 825.110(d). Sepe argues that McDonnell Douglas is estopped from challenging his eligibility because it approved his request for leave and subsequently failed to notify him of his ineligibility under the FMLA.

We need not grapple with the question whether the regulation in question grants rights greater than those conferred by the FMLA, for we agree with the district court that Sepe was fired because he had violated the terms of the CBA and not in retaliation for having exercised any rights under the FMLA. Sepe does not dispute that he engaged in "other employment" by working at J&K while on leave. Thus, McDonnell Douglas was within its rights -- indeed, was required to under the terms of the CBA -- to fire Sepe after he engaged in such employment without written permission to do so.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.