# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2479

_____

| | | |
|---|---|---|
| David Evanoff, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Minneapolis Public Schools, Special | * | |
| School District No. 1, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 6, 2001

Filed:  April 17, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

David Evanoff appeals the district court's[1] adverse grant of summary judgment in his employment discrimination action.  After careful review of the record and the parties' briefs, see Carter v. Ford Motor Co., 121 F.3d 1146, 1148 (8th Cir. 1997) (standard of review), we affirm.

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

Although Mr. Evanoff made claims under the Americans with Disabilities Act, the Minnesota Whistleblower Protection Act, and the Family Medical Leave Act (FMLA), on appeal he challenges only the district court's determination as to his FMLA claim. Because Mr. Evanoff worked approximately 856 hours in the twelve months prior to his termination, see 29 U.S.C. § 2611(2)(A) (eligible employee under FMLA is one who has been employed at least twelve months for at least 1,250 hours of service during previous twelve-month period), he relied on 29 C.F.R. § 825.110(d) (2000) (where employee does not give notice of unexpected need for FMLA leave more than two business days before commencing leave, he will be deemed eligible if employer does not advise him of his failure to meet 1,250-hours-of-service requirement within two days of receiving FMLA leave request). The district court determined that the regulatory provision on which Mr. Evanoff relied was an invalid exercise of power by the Department of Labor (DOL), as it impermissibly contradicted Congress's clear intent. Mr. Evanoff now argues that section 825.110(d) should be upheld as a permissible modification of FMLA, as it furthers the intent and spirit of FMLA by holding the employer--who knows of FMLA's requirements--more accountable than the employee.

Because this case involves reviewing the DOL's application or interpretation of a statute, we must determine whether congressional intent is clear from the plain language of the FMLA, and, if so, whether the DOL's interpretation is contrary to that intent. See Ragsdale v. Wolverine Worldwide, Inc., 218 F.3d 933, 936 (8th Cir. 2000) (in ascertaining plain meaning of statute, court must look to particular statutory language at issue, and language and design of statute as whole), petition for cert. filed (U.S. Sept. 5, 2000) (No. 00-6029). Although we previously declined to address the constitutionality of section 825.110(d), see Sepe v. McDonnell Douglas Corp., 176 F.3d 1113, 1115-16 (8th Cir.) (affirming grant of summary judgment on other grounds), cert. denied, 528 U.S. 1062 (1999), we have held invalid other FMLA regulations requiring the employer to notify an employee that paid or unpaid leave is FMLA leave, and allowing the employee to retain the twelve-week FMLA leave

entitlement if the employer fails to do so, see Ragsdale, 218 F.3d at 937-39 (DOL regulations at issue improperly converted FMLA's minimum of federally-mandated unpaid leave into entitlement to additional twelve weeks of leave, and created rights which statute clearly did not confer).  In Ragsdale, we also noted that other FMLA sections "strongly support the view that where Congress desired explicit notice provisions with significant consequences for their violation, it provided for them in the text of the statute"; and that the FMLA was intended to balance workplace demands with families' needs in a manner that accommodated the legitimate interests of employers.  See id. at 938-39.

We conclude--as have the Seventh and Eleventh Circuits--that section 825.110(d) is invalid, as the plain language of the statute defines an eligible employee as one who has worked at least 1,250 hours during the previous twelve months. See Brungart v. Bellsouth Telecomms., Inc., 231 F.3d 791, 795-97 (11th Cir. 2000) (there is no ambiguity in statute concerning eligibility for family medical leave, and § 825.110(d) is invalid insofar as it purports to extend FMLA's eligibility provision to otherwise ineligible employee; where it was undisputed that at time of FMLA request employee had not worked 1,250 hours in prior twelve months, summary judgment was proper even though employer failed to notify her of her ineligibility), petition for cert. filed (U.S. Mar. 2, 2001) (No. 00-1383); Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582-83 (7th Cir. 2000) (statutory text is perfectly clear and covers issue; regulation allows employee to claim benefits to which she is not entitled as matter of law or equity, and confers windfall by extinguishing employer's defense without basis in legal principle).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.