Emilio F. **CARRILLO, JR.**, Plaintiff,

v.

**THE NATIONAL COUNCIL OF THE CHURCHES OF CHRIST IN THE U.S.A. and Joan Brown Campbell**, Defendants.

No. 94 Civ. 6254 (JSR).

United States District Court, S.D. New York.

Sept. 16, 1997.

Frederick R. Dettner, Karen M. Streisfeld, Law Office of Frederick R. Dettner, New York City, for plaintiff.

Richard F. Lawler, Phillip M. Smith, John C. Canoni, Whitman Brew Abbott & Morgan, New York City, for defendant.

---

**1.** While the Complaint also alleges a state law claim for wrongful termination, Compl. ¶¶ 20–32, that claim has been explicitly abandoned. Pl.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Defendant National Council of the Churches of Christ in the U.S.A. ("NCC") fired plaintiff, Emilio F. Carrillo, Jr., from his position as Director of Human Resources after Carrillo's investment of funds belonging to the NCC Health Insurance Program for Retirees resulted in a loss of $8 million. Because the timing of his termination coincided with his taking of medical leave, plaintiff claims that defendants violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*[1] Plaintiff also claims he was defamed under New York state law by certain statements made by defendant Campbell of the NCC regarding plaintiff's role in the losses.

Following discovery, defendants moved for summary judgment. Having fully reviewed the parties' written submissions and their oral arguments made at the June 3, 1997 hearing, the Court hereby grants summary judgment for defendants with respect to plaintiff's FMLA claim and declines to exercise supplemental jurisdiction over plaintiff's remaining claim for defamation under state law.

■ The pertinent facts are undisputed. Plaintiff was an at-will employee of the NCC. Nevertheless, after the NCC Retirement Fund suffered the investment losses referred to above, NCC, rather than terminating plaintiff immediately, agreed to try to negotiate a more orderly resignation. In a memorandum to defendant Campbell dated April 18, 1994 memorializing the agreement to negotiate, plaintiff stated that "upon mutual agreement and execution of a Negotiated Resignation Agreement, [plaintiff] will resign, at a time certain, for reasons of 'Irreconcilable Differences,' his position as Director of Human Resources." Pl. Exh. 18. In the same memorandum, plaintiff further agreed that a failure to negotiate such a termination agreement by April 22, 1994 would "leave both parties with any other[ ] options or remedies they may have," including, *inter alia,* the NCC's right to unilaterally terminate plaintiff's at-will employment.

---

Mem. at 21 n. 8 (citing *DePetris v. Union Settlement Ass'n,* 86 N.Y.2d 406, 633 N.Y.S.2d 274, 657 N.E.2d 269 (1995)).

*Id.* at 2. Although the parties mutually agreed to extend the April 22nd deadline to July 1, 1994, *see* Carrillo Aff. ¶ 28; Campbell Decl. Exh. 7 (6/28/94 Beek Letter), in the end no agreement was reached, and, accordingly, on July 1, 1994, NCC exercised its right to terminate plaintiff.

In the interim, plaintiff took medical leave. He therefore claims that his termination violated subdivision (1) and/or (2) of § 2615(a) of the FMLA. Subdivision (1) of that section states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act]." Subdivision (2) states that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]."

Neither subdivision is here applicable, however, because the FMLA further provides that an employee on protected leave is not entitled to any greater rights or benefits than he would be entitled to had he not taken the leave. *See* 29 U.S.C. § 2614(a)(3)(B); 29 C.F.R. § 825.216(a). Here, it is undisputed that the NCC had announced its determination to terminate plaintiff before he went on medical leave but deferred doing so only to provide an opportunity for the parties to try to negotiate a resignation agreement. It is equally undisputed that the NCC reserved the right to terminate plaintiff if no such agreement were negotiated by July 1st, and that it promptly did so. Thus, plaintiff was not denied any right, for none was preserved beyond July 1st. *See Patterson v. Alltel Information Serv., Inc.*, 919 F.Supp. 500 (D.Me.1996) (where employer decided to replace employee in account manager position before employee took medical leave but implemented decision while employee was on leave, employee was not entitled to account manager position upon return from leave); *see also Lempres v. CBS Inc.*, 916 F.Supp. 15, 20 (D.D.C.1996) ("[T]he FMLA does not require employers to give returning employees any assurances of job security to which they would not have been entitled, prior to taking [sick] leave.").

Nor has plaintiff made out even a *prima facie* case of discrimination under the applicable test. *See, e.g., Oswalt v. Sara Lee Corp.*, 889 F.Supp. 253 (N.D.Miss.1995), *aff'd*, 74 F.3d 91 (5th Cir.1996); *McCown v. UOP, Inc.*, No. 94 C 2179, 1995 WL 519818, at *7 (N.D.Ill. Aug.30, 1995) ("The FMLA is not a shield to protect employees from legitimate disciplinary action by their employers if their performance is lacking in some manner unrelated to their FMLA leave.").

■ As to the defamation claim under state law, considerations of comity and judicial economy render it inappropriate for the Court to retain jurisdiction once the federal claim is dismissed on the merits. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also Morse v. University of Vermont*, 973 F.2d 122, 128 (2d Cir.1992) ("[I]t may be an abuse of discretion for a district court to refuse to dismiss pendent state claims after it dismisses a federal claim.").

Accordingly, the Court hereby grants defendants' motion for summary judgment with respect to plaintiff's remaining federal claim and dismisses plaintiff's state claim for lack of jurisdiction. Clerk to enter judgment.

SO ORDERED.