Kevin WALSH, Plaintiff,

v.

UNITED CABLE TECHNOLOGIES SERVICES CORPORATIONS AND TELECOMMUNICATIONS, INC., Defendant.

No. 3–97–CV–00012 WWE.

United States District Court, D. Connecticut.

April 6, 1999.

Igor I. Sikorsky, Jr., Law Offices of Igor I. Sikorsky, Jr., Wethersfield, CT, for plaintiff.

Margaret J. Strange, Jackson, Lewis, Schnitzler & Krupman, Hartford, CT, for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff Kevin Walsh alleges that his employer, United Cable Technologies Services Corporations and Telecommunications, Inc. ("United Cable"), violated the Age Discrimination in Employment Act ("ADEA"). Specifically, Walsh claims that United Cable discriminated against him by eliminating his position in a division reorganization, and by selecting a younger but allegedly less qualified applicant instead of him for a new position.

United Cable denies the allegations and moves for summary judgment. For the following reasons, defendant's motion for summary judgment will be GRANTED.

### Background

United Artists Cable, the predecessor of United Cable, hired Walsh in 1991 as director of advertising sales in the Hartford unit of its eastern division. He was then approximately 49 years old. In July, 1994, Walsh assumed the duties of advertising sales manager. Walsh was responsible for operating a unit with 170,000 subscribers and 30 employees.

In 1995 United Cable merged its eastern and Great Lakes divisions. Subsequent to the division reorganization, United Cable consolidated its two Connecticut units located in Branford and Hartford, requiring management level employees to reapply for restructured positions. Walsh's position was eliminated, and a position entitled General Manager was created.

Walsh, who was then 53 years old, applied for the General Manager position. Carlene McFadyen, a 33 year old with a communications degree, was the only other applicant. Maureen O'Hanlon, who was then Walsh's supervisor and responsible for the hiring decision, selected McFadyen as the General Manager. O'Hanlon states that she found McFadyen the more qualified applicant for the position.

During his four years of employment with the defendant, Walsh had received overall above average ratings on his performance evaluations. The evaluations also included positive and negative comments concerning his managerial and administrative skills.

In 1992 Walsh received two memoranda concerning his failure to meet budgetary goals, follow administrative procedures, and adhere to company policies. However, his 1994 performance evaluation indicated that he had addressed the concerns of the 1992 memoranda. The 1994 evaluation stated that Walsh still needed to communicate more with upper management and to complete his expense reports on a regular basis, but it called Walsh a "strong motivator who is respected by his employees," a "creative, loyal and intelligent manager" and a "visionary." It also stated that he had attained or even exceeded budget goals.

In 1995 Walsh's performance proved less successful. O'Hanlon became Walsh's supervisor in March, 1995, after the division reorganization. She perceived that Walsh's unit was in administrative turmoil with an unacceptable level of uncollected revenues from advertisers. In May, 1995, O'Hanlon gave Walsh a Corrective Discipline Memorandum concerning his failure to implement a compensation plan as instructed by Division Legal Counsel. Furthermore, Walsh did not meet his budgetary goals for the second quarter of 1995.

McFadyen had been hired in April, 1993, as the advertising sales manager of the unit in Brookhaven, New York. In that position, she supervised six employees and operated a unit with approximately 68,000 subscribers.

McFadyen received an overall above average rating on her first and only performance evaluation as advertising sales manager. The evaluation also contained positive and negative comments concerning her managerial and administrative skills. It indicated that she had an average rapport with personnel and an average capacity to handle budget management issues. She needed improvement on adherence to company policies as well as her profit and loss analysis. However, the reviewer noted that she was effective in the areas of motivation, leadership and "bringing in money."

After McFadyen's selection, Walsh did not apply for other available job openings within the organization. His employment with United Cable was terminated in July, 1995.

### Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

■ To establish a prima facie age discrimination claim, the plaintiff must demonstrate that (1) he belongs to a protected class; (2) he was qualified to continue employment; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■ Walsh's claim relies upon the undisputed facts that (1) he was in the

protected class; (2) he had consistently received above average ratings in his performance evaluations; (3) a younger, less experienced applicant was selected for the General Manager position over him; and (4) his position was terminated. For purposes of summary judgment, these facts are sufficient to establish that an adverse employment action occurred under circumstances giving rise to an inference of age discrimination. *See Gerardi v. Hofstra University,* 897 F.Supp. 50, 58 (E.D.N.Y.1995).

United Cable has articulated two legitimate nondiscriminatory business reasons for its employment action: (1) Walsh's termination was a result of a division wide reorganization; and (2) McFadyen was selected because she was better qualified for the position, with a communications degree and a record of strong performance.

▮ Walsh claims that United Cable's proffered legitimate business reasons are pretexts for the company's alleged age discrimination. A plaintiff may prove that the proffered reason is pretexual by demonstrating that age was more likely than not the real reason for the discharge or by showing that the proffered explanation is unworthy of credence. *See Woroski v. Nashua Corp.,* 31 F.3d 105, 108–109 (2d Cir.1994).

Walsh argues that the United Cable's reorganization was conducted in a discriminatory manner. However, he offers neither direct nor indirect evidentiary support for this assertion. He claims that he was not properly considered for the General Manager position, pointing out that O'Hanlon began the interview by asking what position he was applying for. However, O'Hanlon's conduct in this instance does not demonstrate that Walsh's application was not given proper consideration.

▮ Walsh further claims that McFadyen was not the more qualified applicant. The Court may not second guess business decisions, and evidence that an employer made a poor business judgment in discharging an employee is generally insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons. *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1116 (2d Cir.1988). However, a plaintiff may defeat summary judgment for the defendant by demonstrating that the employer's business decision was so lacking in merit as to call into question its genuineness. *See Gerardi,* 897 F.Supp. at 58 (plaintiff made a sufficient showing to bar summary judgment where her qualifications may have been superior to two younger applicants who were hired as well as to ten applicants who received call-back interviews).

▮ In this instance, Walsh had at least three years more experience than McFadyen as an advertising sales manager. At the same time, McFadyen had a communications degree, which O'Hanlon considered an important qualification for the General Manager position. The performance evaluations indicate that Walsh and McFadyen had equally effective managerial skills with strengths and weaknesses on both sides. However, O'Hanlon was aware of Walsh's failure to fulfill budget expectations in 1995 and his lack of cooperation with the company's legal counsel. Walsh has not offered evidence that O'Hanlon was aware of any comparable problems relative to McFadyen's performance in 1995. Therefore, Walsh has not demonstrated that the decision to hire McFadyen over him was so lacking in merit as to call into question its genuineness.

*Conclusion*

For the foregoing reasons, defendant's Motion for Summary Judgment [Doc. No. # 15] is GRANTED. The Clerk is directed to close this case.

SO ORDERED.