**Christine BOND, Plaintiff,**

**v.**

**STERLING, INC., Kay Jewelers, Inc., and Sterling Jewelers, Inc., Defendants.**

**No. 97–CV–1607.**

United States District Court, N.D. New York.

Nov. 26, 1999.

Poissant & Nichols, P.C., Malone, NY, Kevin F. Nichols, of counsel, for Plaintiff.

Jackson Lewis Schnitzler & Krupman, White Plains, NY, Joseph Saccomano, Jr., Greg A. Riolo, of counsel, for Defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Christine Bond ("Plaintiff" or "Bond") brings the instant action against defendants Sterling, Inc., Kay Jewelers, Inc., and Sterling Jewelers, Inc. (collectively "Defendants"), her former employers, alleging sex and pregnancy-based discrimination in violation of N.Y. Exec. Law § 296; interference with her rights under the Family Medical Leave Act ("FMLA"), in violation of 29 U.S.C. § 2615(a)(1), and retaliatory discharge for exercising her FMLA rights, in violation of 29 U.S.C. § 2615(a)(2);[1] and unlawful use of Plaintiff's name for advertising and trade purposes, in violation of N.Y. Civ. Rights Law §§ 50, 51.[2] Plaintiff seeks compensatory and punitive damages.

Presently before the Court is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety. Familiarity with the factual background and procedural history stated in the Court's previous Memorandum–Decision & Order is assumed. *See Bond v. Sterling, Inc.*, 997 F.Supp. 306 (N.D.N.Y.1998).

## I. Discussion

### A. The Standard for Summary Judgment

The standard for summary judgment is well-settled. Under Fed. R. Civ. P. 56(c), if there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 86 (1996). The moving party bears the initial burden of "informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)). The initial burden is to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

Once the moving party has met its burden, the non-moving party must come for-

---

1. Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" in the FMLA. *See* 29 U.S.C. § 2615(a)(1). The FMLA similarly states that it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" under the FMLA. *See* 29 U.S.C. § 2615(a)(2).

2. Plaintiff's claim of disability-based discrimination was previously dismissed by the Court. *See Bond v. Sterling, Inc.*, 997 F.Supp. 306, 309–311 (N.D.N.Y.1998).

ward with specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548; *Matsushita*, 475 U.S. at 585–86, 106 S.Ct. 1348. A dispute regarding a material fact is genuine if a reasonable jury could return a verdict for the non-moving party; that is, whether the non-movant's case, if proved at trial, would be sufficient to survive a motion for judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When reasonable minds, however, could not differ as to the import of the evidence, then summary judgment is proper. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

Although the trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985) *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987), the motion will not be defeated by a non-movant who raises merely a "metaphysical doubt" concerning the facts or who only offers conjecture or surmise. *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991) (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348); *see also Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990). Indeed, the non-moving party's opposition may not rest on mere allegations or denials of the moving party's pleading, but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Although the Court is mindful that "summary judgment is ordinarily inappro-priate where an individual's intent and state of mind are implicated," *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985), it is clear that "conclusory allegations of discrimination are insufficient to satisfy the requirements of Rule 56(e)." *Id.* (citations omitted); *see also Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir.1997).

Because this Court's jurisdiction over Plaintiff's state law claims depends on the viability of her federal claim under the FMLA, the Court will first address the claim over which it has original jurisdiction before it considers, if necessary, Plaintiff's state law claims.[3]

## B. Retaliatory Discharge Claim Under the FMLA

The FMLA provides protection to an employee in cases where an employee is discriminated against for exercising rights provided to him or her under the FMLA. Specifically, " '[a]n employer is prohibited from discriminating against employees ... who have used FMLA leave.' " *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir.1999) (quoting 29 C.F.R. § 825.220(c)). "Nor may employers 'use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.' " *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir.1998) (quoting 29 C.F.R. § 825.220(c)). These provisions "proscribe" certain conduct by an employer; for example, an employer may not "retaliate[ ] against [an employee] for taking leave under the FMLA or engaging in other protected activities." *Belgrave v. City of New York*, 1999 WL 692034, at *42 (E.D.N.Y. Aug.31, 1999). Because the issue in these cases is "whether the employer's actions were motivated by an im-

---

**3.** The Court notes that Plaintiff is domiciled in New York and Defendant Kay Jewelers, Inc. is incorporated in and has its principal place of business in New York. *See* Amended Compl. at ¶¶ 1, 3. Accordingly, complete di-versity between the parties does not exist. Defendants correctly note that Plaintiff's FMLA claim is the only basis for this Court's jurisdiction. *See* Def. Mem. of Law at 23.

permissible retaliatory or discriminatory animus," *Hite v. Biomet,* 38 F.Supp.2d 720, 739 (N.D.Ind.), *reconsideration denied,* 53 F.Supp.2d 1013 (1999), the question of the employer's intent is relevant. *See King,* 166 F.3d at 891; *Hodgens,* 144 F.3d at 160.

In cases where a plaintiff has alleged a retaliatory discharge claim under the FMLA, courts have borrowed the framework employed in cases brought under Title VII. *See Graham v. State Farm Mut. Ins. Co.,* 193 F.3d 1274, 1282–83 (11th Cir. 1999); *Chaffin v. John H. Carter Co., Inc.,* 179 F.3d 316, 319 (5th Cir.1999); *King,* 166 F.3d at 891 ("When a plaintiff alleges a retaliatory discharge under the FMLA, the plaintiff must similarly establish that the employer engaged in intentional discrimination."); *Hodgens,* 144 F.3d at 160; *Belgrave,* 1999 WL 692034, at *42 n. 38 ("Although the Second Circuit has not decided the issue, other courts of appeals have held that FMLA retaliation claims are covered by the *McDonnell Douglas* analysis"); *Dumoulin v. Formica,* 968 F.Supp. 68, 71 (N.D.N.Y.1997).

■ Under the familiar burden-shifting paradigm set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 803, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff claiming discrimination must first satisfy the *de minimis* burden of establishing, by a preponderance of the evidence, a prima facie case of retaliation. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Bickerstaff v. Vassar College,* 196 F.3d 435, 445–46 (2d Cir.1999); *Fisher v. Vassar College,* 114 F.3d 1332, 1335, 1340 & n. 7 (2d Cir.1997) (en banc), *cert. denied,* 522 U.S. 1075, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998); *Phipps v. New York State Dep't of Labor,* 53 F.Supp.2d 551, 559 (N.D.N.Y. 1999). To make out a prima facie case of retaliation, Plaintiff must show that (1) she availed herself of a protected right under the FMLA; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action. *See Hodgens,* 144 F.3d at 161; *Graham,* 193 F.3d 1274, 1282–83. Courts have held that the plaintiff's burden at this stage is slight, and "[a plaintiff] may establish a prima facie case with de minimis evidence." *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 465 (2d Cir.1997) (analyzing retaliation claim under the ADEA) (citing *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988)); *see also Bickerstaff,* at 445–46; *Donato v. Plainview–Old Bethpage Cent. Sch. Dist.,* 96 F.3d 623, 633 (2d Cir. 1996), *cert. denied,* 519 U.S. 1150, 117 S.Ct. 1083, 137 L.Ed.2d 218 (1997).

If a plaintiff succeeds in establishing a prima facie case, the burden of production shifts to the employer to articulate a clear and specific legitimate, nondiscriminatory reason for its conduct. *See Bickerstaff,* at 445–46 ("The defendant's burden of production also is not a demanding one; she need only offer such an explanation for the employment decision."); *Fisher,* 114 F.3d at 1335–36; *Phipps,* 53 F.Supp.2d at 559. "Although the burden of production shifts to the defendant, the ultimate burden of persuasion remains always with the plaintiff." *Bickerstaff,* at 446 (citing *Hicks,* 509 U.S. at 507, 511, 113 S.Ct. 2742); *see also Raskin v. The Wyatt Co.,* 125 F.3d 55, 64 (2d Cir.1997).

If the employer satisfies this burden, " 'the presumption raised by the prima facie case is rebutted, and drops from the case.' " *Bickerstaff,* at 446 (quoting *Hicks,* 509 U.S. at 510, 113 S.Ct. 2742 (internal quotations and citations omitted)). "The plaintiff then has the opportunity to demonstrate 'that the proffered reason was not the true reason for the employment decision,' and that race was." *Fisher,* 114 F.3d at 1336 (quoting *Hicks,* 509 U.S. at 507–08, 113 S.Ct. 2742). The plaintiff's opportunity to show the employer's proffered reason was false "now merges with her ultimate burden to persuade the trier of fact that she has been the victim of intentional discrimination." *Bickerstaff,* at

446 ("[A] Title VII plaintiff may not prevail by establishing only [falsity], but must prove, in addition, that a motivating reason was discrimination.") (bracket in original); *see also Hicks,* 509 U.S. at 508, 113 S.Ct. 2742; *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 199 (2d Cir.), *cert. denied,* — U.S. ——, 120 S.Ct. 399, 145 L.Ed.2d 311 (1999); *Fisher,* 114 F.3d at 1337; *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 203 (2d Cir.1995) ("[T]he plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors.").

■ In the case at bar, the Court assumes, without deciding, that Plaintiff established a prima facie case of unlawful retaliatory discharge under the FMLA. *See, e.g., Bickerstaff,* at 448–49; *Chaffin,* 179 F.3d at 320; *Roman v. Cornell Univ.,* 53 F.Supp.2d 223, 235 (N.D.N.Y.1999); *Fierro v. Saks Fifth Avenue,* 13 F.Supp.2d 481, 488 (S.D.N.Y.1998) (and cases cited therein). Defendants, in turn, have met their burden by proffering a nondiscriminatory reason for its employment decision—namely, that Plaintiff was terminated because she did not attend the mandatory annual manager's meeting after she was cleared by her physician to return to work. *See* Def. Mem. of Law at 22. Thus, the burden moves to Plaintiff to present evidence which shows that Defendants' actions were motivated by unlawful discrimination under the FMLA.

In attempting to satisfy her burden, Plaintiff principally relies on two items: (1) the proximity between her return to work following her FMLA leave and her termination; and (2) an alleged statement by Michael Lynch, Sterling's Vice President of Employee Relations that "we are not a family oriented company, we are a business." These allegations, individually and in the aggregate, are insufficient to demonstrate intentional discrimination to support her FMLA retaliatory discharge claim.

■ Plaintiff does not dispute that she was informed that her attendance at the meeting was required, and that her failure to attend would result in her termination. *See* Pl. Dep. at 279–83. Contrary to Plaintiff's wholly unsupported "impression" that the manager's meeting was "an opportunity for managers to drink alcohol and to attempt to engage in sexual relations with other managers," Pl. Mem. of Law at 3–4, Plaintiff has failed to provide the Court with *any* tangible evidence to show that defendants' decision to require Plaintiff's attendance at the meeting was "so lacking in merit as to call into question its genuineness." *Dister,* 859 F.2d at 1116; *see also Walsh v. United Cable Techs. Servs. Corps. and Telecomms., Inc.,* 46 F.Supp.2d 170, 173 (D.Conn.1999). The FMLA does not immunize an employee from legitimate disciplinary action by her employer for reasons unrelated to the employee's FMLA leave. *See Gunnell,* 152 F.3d at 1262 ("[A]n employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting the request.") (citing 29 C.F.R. § 825.216(a)); *Hite,* 38 F.Supp.2d at 743; *Clark v. New York State Elec. & Gas Corp.,* 67 F.Supp.2d 63, 81 (N.D.N.Y. 1999) ("[A]n employee who is subject to termination due to performance problems will not be insulated from termination[ ] by the FMLA."); *Carrillo v. The Nat'l Council of the Churches of Christ,* 976 F.Supp. 254, 256 (S.D.N.Y.1997); *McCown v. UOP, Inc.,* 1995 WL 519818, at *7 (N.D.Ill. Aug.30, 1995); *see also Sepe v. McDonnell Douglas Corp.,* 176 F.3d 1113, 1115–16 (8th Cir.1999) (dismissing employee's claim of retaliatory discharge under the FMLA where employee's termination was based on a violation of the collective bargaining agreement), *petition for cert. filed,* 68 USLW 3274 (Oct. 12, 1999). Indeed, Plaintiff has not presented any evidence,

i.e., performance evaluations, internal memoranda, or attendance records, which would belie Defendants' contention that Plaintiff was fired for not attending the annual manager's meeting. *See, e.g., Hillman v. Hamilton College*, 1998 WL 166827, at *9 (N.D.N.Y. Apr.9, 1998); *McCown*, 1995 WL 519818, at *7. Moreover, the proximity of Plaintiff's termination is insufficient, in and of itself, to support her retaliatory discharge claim. *See McCown*, 1995 WL 519818, at *7 ("If timing alone were sufficient, any employer who granted an employee leave under the FMLA would thereafter have its hands tied regarding any discipline of that employee.").

■ To establish her retaliatory discharge claim, Plaintiff selectively reads the deposition testimony of District Manager Greg Waidman to establish that, during the time he had been employed with the company, Waidman was not aware of any manager being fired for not attending the manager's meeting. *See* Waidman Dep. at 45–46. Plaintiff omits, however, Waidman's answer to the following question, where he states that, during that same time, he has never known of any manager who did not attend the manager's meeting. *Id.* at 46. Notably, Waidman, who joined in the decision to promote Plaintiff to the manager's position while aware that she was pregnant, left the company prior to Plaintiff's termination.[4] *See, e.g., Legendre v. Chase Manhattan Bank*, 1996 WL 514874, at *6 (S.D.N.Y. Sept.10, 1996) (citing *Corcoran v. GAB Business Servs., Inc.*, 723 F.Supp. 966, 968–69 (S.D.N.Y. 1989) (isolated comments by individuals with no involvement in decision to terminate insufficient to support inference of discrimination)). Equally unavailing is Plaintiff's attempt to establish pretext through Lynch's isolated comment that, "we are not a family oriented company, we are a business." Even assuming that

Lynch made that statement, it is hardly sufficient, in and of itself, from which to infer discriminatory animus. *See, e.g., Chaffin*, 179 F.3d at 320. Because the Court finds that Plaintiff has failed to present competent evidence of pretext to withstand summary judgment on her FMLA retaliatory claim, Defendants' motion for summary judgment with respect to that claim is granted.

### C. Interference With Plaintiff's Rights Under the FMLA

■ As an alternate theory of recovery under the FMLA, Plaintiff alleges that Defendants interfered with her right under the FMLA to take up to twelve weeks of unpaid leave per year in connection with the birth of her child. *See* 29 U.S.C. § 2612(a)(1)(A).

The right of an employee to take up to twelve weeks of unpaid leave in connection with the birth of her child is classified as a substantive right or entitlement under the FMLA. *See King*, 166 F.3d at 891; *Hodgens*, 144 F.3d at 159 (citing *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 712–13 (7th Cir.1997)); *see also Gunnell*, 152 F.3d at 1262 (employee's claim that her employer interfered with the exercise of her FMLA rights by terminating her employment brought pursuant to 29 U.S.C. § 2615(a)(1)). Because the intent of the employer is not relevant for claims under section 2615(a)(1), the central issue is whether the plaintiff has "demonstrate[d] by a preponderance of the evidence [an] entitlement to the disputed leave." *King*, 166 F.3d at 891; *see also Diaz*, 131 F.3d at 713; *Hodgens*, 144 F.3d at 159 ("Because the issue is the right to an entitlement, the employee is due the benefit if the statutory requirements are satisfied, regardless of the intent of the employer."); *Belgrave*, 1999 WL 692034, at *42 n. 38.

---

4. Mike DelFalvo, then-Store Manager at Sterling's Massena, New York store, also left the company prior to Plaintiff's termination.

In order to make out a case for the denial of, or interference with benefits under 29 U.S.C. § 2615(a)(1), a plaintiff must establish that: "(1) [s]he is an eligible employee under the FMLA, as defined in 29 U.S.C. § 2611(2); (2) the defendant is an employer under the FMLA, as defined in 29 U.S.C. § 2611(4); (3)[s]he was entitled to take leave under the FMLA, as defined in 29 U.S.C. § 2612(a)(1); (4)[s]he gave notice to the defendant of [her] intention to take leave, as defined in 29 U.S.C. § 2612(e)(1) and 29 ·C.F.R. §§ 825.302–.303; and (5) the defendant denied [her] the benefits to which [s]he was entitled under the FMLA." *Belgrave,* 1999 WL 692034, at *43 (citations omitted). Assuming, without deciding, that Plaintiff has satisfied her burden with respect to the first four elements, the Court finds that Plaintiff has failed to satisfy her burden with respect to the fifth element—namely, that Defendants interfered with her right to take medical leave in connection with the birth of her child.

It is undisputed that Plaintiff was granted FMLA leave (as she requested) in early July 1996. Prior to that time, Plaintiff was on intermittent leave as her work hours were reduced to four hours a day, or twenty hours a week. Plaintiff was aware that her reduced work hours would be applied against her FMLA leave. *See* Aff. of Greg A. Riolo, Ex. C, at 232 (excerpt from Deposition of Christine Bond). Plaintiff did not return to work until September 1996, after her physician approved her return to work. Significantly, Plaintiff acknowledges that she returned to work only "after her Family and Medical Leave was exhausted." Pl. Mem. of Law at 4. Moreover, Plaintiff does not allege, nor does the record reflect, that Defendants discouraged Plaintiff from taking her leave, or set any conditions in return for granting Plaintiff's request for leave. Since Plaintiff was given the leave which she requested and was entitled to under the FMLA (a

fact she does not dispute), her claim under section 2615(a)(1) that defendants interfered with that right must be dismissed. *See Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155, 161 (2d Cir.1999) ("It is undisputed that ... [defendant] informed [plaintiff] that it would treat his absence as FMLA leave; that [plaintiff] was entitled to a maximum of 12 workweeks of leave under [section] 2612(a)(1)(D); and that he received those 12 weeks of leave."); *Belgrave,* 1999 WL 692034, at *45. Because the Court finds that Plaintiff has failed to present competent evidence to withstand summary judgment on her FMLA interference claim, Defendants' motion for summary judgment with respect to that claim is granted.

Having dismissed Plaintiff's federal cause of action under the FMLA, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[5] *See* 28 U.S.C. § 1367(c)(3); *Shenandoah v. United States Dep't of the Interior,* 159 F.3d 708, 714 (2d Cir.1998); *Castellano v. City of New York,* 142 F.3d 58, 74 (2d Cir.1998); *see also Graham,* at 1282 ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").

## II. CONCLUSION:

For all of the foregoing reasons, Defendants' motion for summary judgment with respect to Plaintiff's FMLA claim is GRANTED, and the remaining state law claims are dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

---

5. As noted earlier, an absence of complete diversity between the parties precludes the Court from considering Plaintiff's remaining state claims based on diversity jurisdiction. Thus, the Court expresses no view with respect to the viability of these claims.