Affirmed and Opinion filed June 6, 2002









Affirmed and Opinion filed June 6, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00081-CV

____________

 

JOYCE ROBINSON, Appellant

 

V.

 

THE DEVEREUX FOUNDATION, Appellee

 



 

On Appeal from the
10th District Court 

Galveston
County, Texas

Trial Court Cause
No. 98CV0391

 



 

O P I N I
O N

This is
an appeal from a summary judgment dismissing Joyce Robinson=s claims for wrongful termination and
intentional infliction of emotional distress. 
In three points of error, Robinson claims the trial court erred in
granting summary judgment and in denying her motion for new trial.  We affirm. 

I.   Background and Procedural History








Joyce
Robinson brought suit against The Devereux Foundation (ADevereux@), claiming wrongful termination and
intentional infliction of emotional distress. 
Devereux operates a psychiatric treatment facility for children and
adults in League City, Texas.  The
facility offers emergency psychiatric care, long-term hospital care and
long-term residential care to patients with illnesses ranging from behavioral
problems to homicidal, suicidal or psychotic tendencies.  Robinson worked for Devereux as a Mental
Health Technician; she looked after patients, monitored their behavior and
activities, and assisted in care deemed appropriate by Devereux=s doctors, therapists and nursing
staff.  Robinson, an at-will employee,
worked from November 2, 1992, until her employment was terminated December 23,
1997. 

On
December 2, 1997, Devereux=s representatives met with Robinson to discuss allegations
that she had violated policies relative to Devereux=s Employee Fraud and Patient Funds
and that she had engaged in other serious misconduct.  Robinson=s documented response to those
allegations was Awill add statement tomorrow ... not [too] clear headed right
now.@ 
Devereaux suspended Robinson for ten days.  While Robinson was suspended, Devereux
received more client complaints against Robinson and scheduled a meeting with
her for December 18, 1997, to discuss the complaints.  Robinson did not attend.[1]  Devereux rescheduled the meeting for December
23, 1997, and informed Robinson by certified mail that her failure to attend
this meeting would be considered job adandonment.  Robinson acknowledged receipt of this letter
but again failed to attend.  Devereux
terminated her employment on December 23, 1997.     

Robinson
filed this suit May 15, 1998.  Devereux
moved for summary judgment, which the trial court granted on October 12,
2000.  This appeal followed. 

II.   Summary Judgment 








We first
address Robinson=s contention in  point
of error one that the trial court erred in granting summary judgment on her
claims of wrongful termination and intentional infliction of emotional
distress.     

A.   Standards of Review

Devereux
filed both a traditional motion for summary judgment and a no‑evidence
motion.  See Tex. R. Civ. P. 166a(c), (i).  Where, as here, the summary judgment does not
specify or state the grounds relied on, it will be affirmed on appeal if any of
the grounds presented in the motion are meritorious. Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989). 

The
standard of review for a traditional motion for summary judgment Ais whether the successful movant at
the trial level carried its burden of showing that there is no genuine issue of
material fact and that judgment should be granted as a matter of law.@ 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999). Under this traditional standard, this court must take as
true all evidence favorable to the nonmovant and must make all reasonable
inferences in the nonmovant=s favor.  See id.

We
review a no‑evidence summary judgment de novo by construing the record in
the light most favorable to the nonmovant and disregarding all contrary
evidence and inferences.  Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  A no‑evidence summary judgment is
improperly granted when the respondent brings forth more than a scintilla of
probative evidence that raises a genuine issue of material fact.  See Tex.
R. Civ. P. 166a(i); Coastal Conduit & Ditching, Inc. v. Norman
Energy Corp., 29 S.W.3d 282, 284 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  Less than a scintilla of evidence
exists when the evidence is Aso weak as to do no more than create a mere surmise or
suspicion@ of a fact and the legal effect is
that there is no evidence.  Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). 

B.   Wrongful Termination 








The
longstanding rule in Texas is that employment for an indefinite term may be
terminated at will and without cause.  East
Line & R.R.R. Co. v. Scott, 72 Tex.70, 10 S.W. 99, 102 (1888).  In Sabine Pilot Service, Inc. v. Hauck,
the court created a narrow Apublic policy@ exception to the employment‑at‑will
doctrine.  687 S.W.2d 733, 735 (Tex.
1985).  This exception allows an employee
to sue for wrongful termination if fired Afor the sole reason that the
employee refused to perform an illegal act.@ 
Id.(emphasis added); see City of Midland v. O=Bryant, 18 S.W.3d 209, 215 (Tex. 2000)
(recognizing Texas has thus far only recognized the narrow Sabine Pilot
exception prohibiting an employer from discharging an employee for the sole
reason that the employee refused to perform an illegal act that carried
criminal penalties).  The plaintiff has
the burden of proving by a preponderance of the evidence that the discharge was
for no reason other than the refusal to commit an illegal act.  Texas Dep=t of Human Servs. v. Hinds, 904 S.W.2d 629, 633 (Tex.
1995).  An employer who discharges an
employee both for refusing to perform an illegal act and for a legitimate
reason cannot be liable for wrongful discharge. 
Id.   








In this
case, Robinson argues that she was wrongfully discharged solely because she
refused to perform illegal acts.[2]  However, in her answers to interrogatories
and her deposition, Robinson herself identified several other reasons for her
termination.  Furthermore, Devereux
produced evidence conclusively showing that Robinson was fired for job
abandonment.  Devereaux provided
documentation of a December 2, 1997 meeting regarding client complaints and
Robinson=s ten-day suspension resulting from
the complaints.  Devereaux further
documented that (1) on December 18, 1997, a second meeting was held to discuss
additional complaints about Robinson; (2) Robinson failed to attend the December
18 meeting; and (3) Robinson failed to attend a follow-up meeting on December
23, 1997.  Robinson acknowledged during
her deposition that she had received a letter notifying her that failure to
attend the meeting on December 23 would be considered Ajob abandonment.@ 
She further acknowledged that she failed to attend.[3]  Devereux terminated Robinson on December 23,
1997, for job abandonment.

Robinson
claims that the complaints against her were retaliatory based on her failure to
commit an illegal act and thus her termination for job abandonment was merely a
pretext.  We disagree.  Devereux produced eleven ACounseling/Corrective Discipline
Record@ entries for Robinson=s failure to complete assigned tasks,
her falsification of time sheets, her improper relationship with clients, her allowing
a client to leave unsupervised, her excessive tardiness, and her leave without
prior approval.  These entries began
September 27, 1993, and continued through December 2, 1997.  At least seven of the eleven entries are
dated before her alleged refusal to falsify records on December 22, 1996.  Furthermore, Robinson concedes that she was
notified in advance of the negative consequences if she failed to attend the
December 23, 1997 meeting.  Accordingly,
Devereux established that it terminated Robinson, at least in part, for Ajob abandonment.@ 








Robinson
asserts that Devereux has done no more than raise a fact issue between
conflicting claims concerning why Robinson was terminated, citing Higginbotham
v. Allwaste, Inc., 889 S.W.2d 411, 416 (Tex. App.CHouston [14th Dist.] 1994, writ
denied) and Allen v. Powell, 989 S.W.2d 776, 779 (Tex. App.CAmarillo), aff=d in part and rev=d in part by Powell Ind., Inc. v.
Allen, 985 S.W.2d
455 (Tex. 1998).  These cases are
distinguishable because here, Devereux has conclusively established at least
one legitimate reason for terminating Robinson. 
Once the movant has established a right to summary judgment, the burden
shifts to the nonmovant to produce controverting evidence raising a fact
issue.  See City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979).  Robinson relies on her affidavit in which she
states her belief that she was terminated for refusing to commit an illegal
act.  However, we cannot say that
Robinson=s subjective belief regarding the Atrue@ reason for her termination, without
more, is sufficient to raise a fact issue. 
To hold otherwise would permit every wrongful-termination plaintiff to
avoid summary judgment regardless of the evidence simply by asserting a belief
that he or she was actually terminated for refusing to commit an illegal
act.  

We find
that the summary judgment evidence conclusively negates the essential element
of Robinson=s wrongful termination claim that the
sole reason for termination was a failure to commit an illegal act.

C.   Intentional
Infliction of Emotional Distress

In order
to prevail on a claim for intentional infliction of emotional distress,
Robinson must establish that: (1) Devereux acted intentionally or recklessly;
(2) Devereux=s conduct was extreme and outrageous;
and (3) Devereux=s actions caused Robinson severe emotional distress.  See Twyman v. Twyman, 855 S.W.2d 619,
621 (Tex. 1993).  Whether Devereux=s conduct may reasonably be regarded
as so extreme and outrageous as to permit recovery is initially a question of
law.  See Wornick Co. v. Casas,
856 S.W.2d 732, 734 (Tex. 1993). 
Outrageous conduct is that which goes beyond all possible bounds of
decency, is atrocious and utterly intolerable in a civilized society.  See id.

In this
case, Robinson allegedly suffers from post-traumatic stress syndrome after a
client=s suicide on December 22, 1996.  Robinson acknowledged that her stress
resulted from finding the client hanging from a bed sheet and from Robinson=s inability to revive her.  The post-traumatic stress disorder allegedly
has caused Robinson to see the client=s face in her grandmother=s casket and she stated that she has
not been able to close her bathroom door as a result of the suicide.  The client=s suicide was not an act or conduct
by Devereux directed at Robinson.  








Robinson
further claims it constituted an emotional assault for Devereux to question
Robinson about allegations of wrongdoing while she was experiencing increased
emotional problems related to the approaching one-year anniversary of her
client=s suicide.  However, it is not extreme and outrageous
conduct for an employer to question an employee about a report of
wrongdoing.  See Randall=s Food Markets, Inc. v. Johnson, 891 S.W.2d 640 (Tex.  1995).  


Robinson
additionally claims Devereux told her she was not a Ateam player@ and treated her as an Aoutcast.@ 
Robinson claims that after her termination, she was Adevastated and depressed.@ 
However, mere worry, anxiety, vexation, embarrassment or anger does not
rise to actionable severe emotional distress.  See LaCoure v. LaCoure, 820 S.W.2d 228,
234 (Tex. App.CEl Paso 1991, writ denied).  Further, termination of an at-will employee
is not extreme and outrageous as a matter of law.  See Johnson v. Merrell Dow Pharms., Inc.,
965 F.2d 31, 33 (5th Cir. 1992).  

Robinson=s allegations cannot reasonably be
regarded as conduct by Devereaux that was so extreme as to Ago beyond all possible bounds of
decency.@ 
See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994)  (noting that when an employee has
benefit checks delayed, is given the Arunaround@ and faces fabricated excuses of lost
files and malfunctioning computers, that the employee was treated rudely but
that the conduct cannot be regarded as extreme and outrageous).  We find Robinson did not satisfy her burden
of producing more than a scintilla of evidence to show that Devereux engaged in
conduct that was extreme and outrageous. 
Because we find no evidence of an essential element of Robinson=s claim, summary judgment was
appropriate, and we need not consider whether Robinson presented evidence in
support of the other elements of her claim. 


We
conclude the trial court did not err in granting summary judgment on Robinson=s claims for wrongful termination and
intentional infliction of emotional distress. 
Accordingly, Robinson=s first point of error is overruled.  

D.   Inadequate Opportunity for Discovery 








  Robinson claims the trial court erred in
granting Devereux=s motion for summary judgment because Robinson did not have
an adequate opportunity for discovery. 
Robinson notes in her brief that she filed two motions for continuance
prior to the trial court=s granting summary judgment. 
However, there is no evidence Robinson ever obtained a ruling on either
motion. Failure to obtain a ruling on the motion for continuance of a summary
judgment hearing waives any error.  See
Washington v. Tyler Indep. Sch. Dist., 932 S.W.2d 686, 690 (Tex. App.CTyler 1996, no writ).  Further, Robinson did not raise a point of
error on the trial court=s failure to grant these two motions.[4]  See Tex.
R. App. P. 33.1(e).  Accordingly,
this issue was not properly presented for our review.     

III.   Motion for New Trial 

Robinson
argues the trial court erred in denying the motion for new trial based on the
discovery of new evidence.  We review a
trial court=s ruling on a motion for new trial
based on newly discovered evidence by an abuse of discretion. See Cliff v.
Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987). 








Robinson
argues that she produced sufficient new evidence to require the trial court to
grant her motion for new trial.  Robinson
relies on  Summers v. WellTech, Inc.,
in which the court identified four factors that might support a new trial based
on newly discovered evidence: A(1) the evidence has come to the party=s knowledge since the trial; (2) the
lack of discovery before this point is not due to want of due diligence of the
party; (3) the newly discovered evidence is not cumulative, and (4) the
evidence is so material that it would probably cause a different result.@ 
935 S.W.2d 228, 233 (Tex. App.CHouston [1st Dist.] 1996, no
writ).  Robinson claimed in her motion
for new trial that there is evidence that proves she was Aterminated when other employees who
were absent or on Family Medical Leave were not.@ 
However, Robinson has not demonstrated that this new evidence is
material to her claim that Devereux=s allegation of job abandonment was
merely a pretext for termination based on her failure to commit an illegal
act.  Here, Robinson knew that if she
failed to attend a meeting, she would suffer negative consequences, yet she
chose not to attend.  Robinson presents
no evidence suggesting that these other employees were in a similar situation
as Robinson and were treated differently. 
Thus, Robinson failed to provide the court with evidence Aso material that it would probably
cause a different result.@  Id.  Further, this new evidence does not negate
Robinson=s admission that her termination was
based in part on reasons other than an alleged refusal to commit illegal
acts.  See City of Midland, 18
S.W.3d at 215.  Finally, Robinson
produced no new evidence to support her claim of intentional infliction of
emotional distress such as would require the trial court to grant a new trial.  We find the trial court did not abuse its
discretion in denying Robinson=s motion for new trial. 
Accordingly, this point of error is overruled. 

The
judgment of the trial court is affirmed. 


 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and
Opinion filed June 6, 2002.

Panel consists of
Justices Yates, Edelman, and Draughn.[5]

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Robinson was
placed on Family and Medical Leave on December 19, 1997, after being diagnosed
with post-traumatic stress disorder. 
Robinson provided a doctor=s note
recommending that she not return to work.





[2] Robinson claims that prior to 1996, Devereux ordered
her to make false, negative entries in client charts to prolong stays and to
record therapy that was not given or that she did not provide.  The thrust of that  claim centers around events taking place on
the night of December 22, 1996.  Robinson
claims that she was asked to prepare false precaution sheets on the night of
December 22, 1996, following the suicide of a client.  However, the only evidence she produced to
support this claim was her testimony that a supervisor stamped forms, while
others were standing around a desk, and stated: AThese
need to be filled out.@  Robinson
acknowledged in her deposition that Devereux did not ask her to lie or falsify
records, but asked her to reduce the details in her report.





[3]Robinson claims Devereux=s
request that Robinson attend this meeting while on leave violates the Family
Medical Leave Act.  We disagree; Anothing in this subsection shall be construed to
prohibit an employer from requiring an employee on leave ... to report
periodically to the employer on the status and intention of the employee to
return to work.@ 29 U.S.C. '
2614(a)(5).  Further, it is permissible
for an employer to terminate an employee for misconduct even while on Family
and Medical Leave.  See, e.g., Carillo
v. Nat=l Council of Churches of Christ, 976 F.Supp. 254 (S.D.N.Y. 1997). 





[4]  We note, in a
traditional motion for summary judgment, a trial court does not err in denying
additional time for discovery if the facts necessary to support summary
judgment were sufficiently developed when the motion was filed.  See Tenneco Inc. v. Enterprise Prods. Co.,
925 S.W.2d 640, 647 (Tex. 1996).





[5]  Senior Justice
Joe L. Draughn sitting by assignment.