■ MICHAEL PIERCE, Appellant, v HSBC MORTGAGE CORPORATION (USA) et al., Respondents. [798 NYS2d 6]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 22, 2004, which denied plaintiff's motion for summary judgment on his claims for breach of contract and quantum meruit, and granted defendants' cross motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, without costs.

Plaintiff, a mortgage loan officer, contends that defendants violated the Family and Medical Leave Act of 1993 (FMLA) when, in terminating his employment while on FMLA leave, they denied him about $400,000 in commissions for loans he had negotiated which had been approved but had not yet closed.

To properly state an actionable denial of benefits under FMLA, a claimant must show an employment relationship, entitlement to take leave, notice to the employer of intention to do so, and the employer's denial of benefits guaranteed under FMLA (see *Santos v Knitgoods Workers' Union, Local 155*, 1999 WL 397500, *3, 1999 US Dist LEXIS 9036, *7 [SD NY, June 15, 1999], *affd* 252 F3d 175 [2d Cir 2001]). Plaintiff has failed to demonstrate interference with or denial of a statutory entitlement.

FMLA entitles an employee to 12 workweeks of unpaid leave (29 USC § 2612 [a] [1]). The statute also provides that an employee who chooses to take such leave shall not lose any employment benefits accrued prior to the commencement of such leave (29 USC § 2614 [a] [2]). Although FMLA does not define the term "benefit," it does define "employment benefits" to mean "all benefits provided . . . including group life insurance, health insurance, disability insurance, sick leave, annual leave, educational benefits, and pensions" (29 USC § 2611 [5]). Salary and commissions are plainly not included in this list. Furthermore, plaintiff cannot prove interference with or denial of benefits because he requested and was granted FMLA leave. He has not alleged, nor is there any evidence to demonstrate, that defendants discouraged plaintiff from taking this leave (see *Potenza v City of New York*, 365 F3d 165, 167 [2d Cir 2004]).

In view of plaintiff's failure to set forth a claim for interference with or denial of benefits to which he was entitled under FMLA, the motion court employed the proper burden-shifting analysis set forth by the Supreme Court in *McDonnell Douglas Corp. v Green* (411 US 792 [1973]) for retaliatory discharge cases (see *Potenza*, 365 F3d at 167). Under the *McDonnell Douglas* framework, plaintiff failed to make out a prima facie case of retaliation in the first instance, since he failed to establish a causal connection between his termination and his taking FMLA leave. As the documentary evidence makes clear, defendants sought to terminate plaintiff's employment before plaintiff requested and obtained FMLA leave. No FMLA violation occurs where an employer has already decided to terminate the employee before leave is requested (*Kennebrew v New York City Hous. Auth.*, 2002 WL 265120,*19-20, 2002 US Dist LEXIS 3038, *76-78 [SD NY, Feb. 26, 2002]; see *Carrillo v National Council of Churches of Christ in U.S.*, 976 F Supp 254, 256 [SD NY 1997]).

Assuming a prima facie case of retaliatory discharge was established, the documentary evidence nonetheless indicates that defendants had legitimate, nondiscriminatory reasons for terminating plaintiff, including numerous complaints from

customers and colleagues, his unprofessional attitude, and his refusal to abide by defendants' policies. Once the burden shifted to plaintiff to expose defendants' reasons for termination as false and pretextual, he failed to meet the requisite standard.

We have considered plaintiff's remaining contentions and find them without merit. Concur—Tom, J.P., Saxe, Marlow and Ellerin, JJ.