08-2121-cv
Golden v. New York City Dep't of Envtl. Prot.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand nine.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
                  *Circuit Judges*,
          BRIAN M. COGAN,[*]
                  *District Judge*.

------------------------------------------------------

MICHAEL GOLDEN,
          *Plaintiff-Appellant*,

          v.                                              No. 08-2121-cv

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
          *Defendant-Appellee*.

------------------------------------------------------

---

[*] District Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:          Michael Golden, *pro se*, Massapequa, New York.

FOR APPELLEE:           Janet L. Zaleon, Senior Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.


Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the district court entered on December 4, 2007, and March 24, 2008, respectively, are AFFIRMED.

Plaintiff Michael Golden, pro se, appeals from (1) an award of summary judgment in favor of his employer, the New York City Department of Environmental Protection, on his claims under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq., and (2) an order denying his motion for reconsideration. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Standards of Review

We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. See Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003). We will uphold a summary judgment award only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter

of law. See Fed. R. Civ. P. 56(c); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. See Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998).

### 2. FMLA Framework and Claims

The FMLA was enacted to provide, inter alia, "job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4). Eligible employees may take leave for up to 12 weeks during any 12-month period. See id. § 2612(a)(1). It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." Id. § 2615(a)(1). In order to be protected by the FMLA, an employee must provide the employer with appropriate notice of an absence. See 29 C.F.R. §§ 825.302(c), 825.303(b). In the case of an unforeseeable absence, "an employee should give notice to the employer of the need for FMLA leave as soon as practicable." Id. § 825.303(a).[1] An employer may require an employee "to comply with the employer's usual and customary notice and procedural requirements for requesting leave." Id. § 825.302(d).

Plaintiff does not dispute that, with regard to the occasions on which he did not work a full, seven-hour day, he failed to give notice of his intention to take leave, despite being

---

[1] This was the language applicable at the time of the events at issue. The regulation now provides that "an employee must provide notice to the employer as soon as practicable." 29 C.F.R. § 825.303(a) (effective Jan. 16, 2009).

3

notified in writing of the need to do so. Insofar as Plaintiff argues that he should have been allowed to take paid leave in connection with several full-day absences, we conclude that he failed to provide timely notice of leave for a serious medical condition and has not demonstrated that it was his employer's practice to allow paid leave under the relevant circumstances. See Santos v. Knitgoods Workers' Union, Local 155, 252 F.3d 175, 178 (2d Cir. 2001) (explaining that employer is not required to allow substitution of accrued paid leave for FMLA leave in circumstance that would not otherwise qualify for paid leave).

Plaintiff's claim that his supervisor's alleged harassment discouraged him from submitting leave slips is not supported by the record. Like the district court, we conclude that Golden failed to demonstrate either that he was unable to submit leave requests to administrators other than his direct supervisor or that the supervisor's conduct "would have deterred an employee of ordinary firmness, in a situation similar to his, from requesting or taking FMLA leave." Golden v. New York City Dep't of Envtl. Prot., No. 06 Civ. 1587, 2007 WL 4258241, at *3 (S.D.N.Y. Dec. 3, 2007).

### 4. Reconsideration

Finally, we conclude that the district court did not abuse its discretion in denying Plaintiff's Rule 60(b) motion because Plaintiff failed to show "exceptional circumstances" warranting reconsideration of the district court's order. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

We have considered all of Plaintiff's remaining arguments on appeal and conclude

4

that they are without merit.  For the foregoing reasons, the judgment and order of the district court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

5